UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

**RODERICK PARKER**                    **CIVIL ACTION NO. 16-1406-P**

**VERSUS**                             **JUDGE FOOTE**

**MR. NELSON, ET AL.**                 **MAGISTRATE JUDGE HORNSBY**

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Roderick Parker ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on October 6, 2016. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana, and claims his civil rights were violated by prison officials. He names Mr. Nelson, the Caddo Correctional Center, Director Wright, Captain Rick Farris, Kelli Hayes, Sgt. Donnie Lang, the Louisiana First Judicial District Court, Judge Ramona Emanuel, the Caddo Parish Public Defender's Office, and Kurt Goines as defendants.

Plaintiff claims that on January 12, 2016, he was seen by Dr. Craig Florea at Willis Knighton Hospital in Bossier City, Louisiana. He claims he was diagnosed with calcaneus fractures and given instructions to see an orthopedic doctor because his injuries would not

heal properly without surgery. He claims Dr. Florea prescribed Norco for his constant pain.

Plaintiff claims that on August 13, 2016, he was x-rayed at the Caddo Correctional Center and not a hospital. He claims Mr. Nelson read his x-rays and stated that the fractures in both of his feet were properly healed. He claims Mr. Nelson refused to let him see the x-rays or send them to his family so they could seek a second opinion. He claims he was denied additional medical treatment because Mr. Nelson stated that his fractures were healed. He claims he has not had physical therapy or pain management since August 25, 2016.

Plaintiff claims he is only given high doses of Tylenol for pain and it is ineffective. He claims that after taking the prescribed doses of Tylenol, he experienced severe stomach pain. He claims that in October of 2016, he was diagnosed with hypertension by Dr. Nelson. He claims that in November of 2016, he learned that he could have the onset of kidney failure from taking large doses of Tylenol and that it was causing his stomach pain. He claims he also learned that high doses of Tylenol can cause hypertension. He claims his hypertension has aggravated his condition because his ankles are now swollen. Plaintiff claims he then refused his morning dose of Tylenol.

Plaintiff claims Captain Rick Farris and Nurse Kelli Hayes will not allow him to have a second opinion or an appointment with another doctor. He claims he is still unable to walk and prison officials are attempting to take his wheelchair. He claims he still has

acute pain in both feet that radiates from the tip of his toes to his hip bones. He claims he is unable to put any pressure on his feet and he has limited dexterity in his feet and ankles.

Plaintiff admits he has seen Mr. Nelson at least once a month, every month since August 25, 2016. He claims Mr. Nelson continues to prescribe Tylenol for his condition. He claims Mr. Nelson refused to x-ray him again and refer him to an orthopedic surgeon for proper medical care.

Plaintiff claims that on October 31, 2016, Judge Ramona Emanuel denied his request for a bond reduction so he could be released from jail and control his own medical care. He claims Caddo Parish Public Defender Kurt Goines failed to contest his high bond.

Accordingly, Plaintiff seeks medical help and monetary compensation.

## LAW AND ANALYSIS

**Medical Treatment**

Plaintiff claims he has received inadequate medical treatment for his calcaneus fractures. He filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.[1]

---

[1] It is unclear if Plaintiff is a pretrial detainee or a convicted detainee. However, there is no significant distinction between pretrial detainees and convicted inmates concerning basic human

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid

---

needs such as medical care. See Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir.1996) (en banc); Gibbs v. Grimmette, 254 F.3d 545, 548 (5th Cir. 2001).

showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).

Plaintiff admits that on August 13, 2016, he saw Mr. Nelson and was x-rayed. He admits that he was given Tylenol for his pain. He admits that he has seen Mr. Nelson at least once a month, every month, since August 25, 2016. He admits that Mr. Nelson continues to prescribe Tylenol for his pain. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's medical treatment claims should be dismissed with prejudice as frivolous.

**The Louisiana First Judicial District Court and Judge Ramona Emanuel**

Plaintiff claims the Louisiana First Judicial District Court and Judge Ramona Emanuel denied his request for a bond reduction. Plaintiff cannot maintain his claims against the Louisiana First Judicial District Court and Judge Emanuel. It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and (3) were centered around a case pending before a judge. Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982). The conduct challenged by Plaintiff unequivocally falls within the judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties. Accordingly, Plaintiff's civil rights claim against the Louisiana First Judicial District Court and Judge Emanuel should be dismissed as frivolous.

**Kurt Goines and the Caddo Parish Public Defender's Office**

Plaintiff claims Kurt Goines and the Caddo Parish Public Defender's Office failed to contest his high bond. Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. Neither privately obtained nor court appointed defense attorneys act under color of state law for purposes of Section 1983.

Both a retained and a court appointed attorney serve their client, the accused; they do not serve the state. They serve a private function for their client that follows from the very nature of the attorney-client relationship and for which no state office or authority are needed. Hence, neither a retained nor a court appointed attorney acts under color of state law and cannot be held liable under Section 1983. See Polk County v. Dodson, 454 U.S. 312 (1981); Ellison v. DeLa Rosa, 685 F.2d 959, 960 (5th Cir. 1982) (citing Polk County, supra); United States ex rel. Simmons v. Zibilich, 542 F.2d 259, 261 (5th Cir. 1976); Nelson v. Stratton, 469 F.2d 1155 (5th Cir. 1972); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Mills v. Criminal District Court #3, 837 F.2d 677 (5th Cir. 1988)(citing Nelson, supra). Accordingly, Plaintiff's civil rights claim against Kurt Goines and the Caddo Parish Public Defender's Officer should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 2nd day of March, 2018.



Mark L. Hornsby
U.S. Magistrate Judge